91065 CORPORATION *vs.* INDUSTRIAL NATIONAL BANK *et al.*

MAY 28, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

PER CURIAM. This action of assumpsit is before us on the plaintiff's exceptions to the decision of a justice of the superior court sustaining the defendants' demurrers to the first and second counts of its declaration.

Each of the counts alleges an express contract between plaintiff and defendants. A copy of the contract is attached to the declaration and is incorporated by reference in each of such counts. Count one alleges in substance that under

the terms of the contract defendants agreed to transfer certain shares of stock of The Outlet Company, a Rhode Island corporation, and that although plaintiff has duly performed as required by it, defendants have breached the contract by failing and refusing to transfer the shares as promised.

Count two alleges in substance that by the terms of the contract defendants represented and warranted that they were the lawful owners of the shares in question with full power to transfer absolute title thereto to the buyer and that they were guilty of a breach thereof in that they were not the lawful owners of such shares with full power to transfer absolute title thereto.

The contract is dated November 10, 1958. Paragraph one thereof reads as follows:

> "The undersigned (hereinafter called the Sellers) hereby severally represent and warrant to Roger L. Stevens (hereinafter called the Buyer, which term as used herein shall mean and include any assignee or assignees of the Buyer pursuant to the provisions of Paragraph 12 hereof) that they are and on the Closing Date hereinafter defined will be the lawful owners of the number of shares set forth opposite their respective names below of validly issued, fully paid and nonassessable Common Stock, without par value, of The Outlet Company, a Rhode Island corporation (hereinafter called the Company) aggregating 55,230 shares of said Common Stock (said 55,230 shares of Common Stock being hereinafter called the Optioned Stock), with full power to transfer absolute title thereto to the Buyer, free and clear of any liens, charges, encumbrances and claims of every kind."

The contract throughout describes defendants as "Sellers" and plaintiff's assignor as "Buyer." The signatures of defendants appear in groups on the last two pages thereof, with the following typewritten statements below each group respectively: "Trustees u/11th Clause of Will of Joseph Samuels," "Trustees under Will of Leon Samuels," "Trus-

tees u/Indenture of Trust of Clare S. Quinn dated January 17, 1949," "Trustees under Agreement of Joseph Samuels dated December 28, 1934," and "Trustees under Indenture of Clare S. Quinn dated April 3, 1952." Opposite each group of names appears the number of shares represented in paragraph one of the contract to be owned by the persons whose signatures appear in such group.

The defendants demurred to counts one and two. The issues raised on this appeal relate only to the first three grounds of the demurrers. These in substance allege that under G. L. 1956, §9-2-9, defendants are not personally liable for the alleged breaches because it appears on the face of each count that defendants added to their signatures to the contract sued upon words indicating that they contracted and signed the same in their representative capacities as trustees and it does not appear therein that they were not duly authorized to make the contract in their representative capacities.

The pertinent portion of G. L. 1956, §9-2-9, reads as follows:

"Restricted liability on instrument signed as fiduciary.—Where an instrument contains, or a person adds to his signature thereto, words indicating that he contracts or signs in his representative capacity as trustee, executor, administrator, guardian or conservator, he shall not be personally liable on the instrument, if he was duly authorized to make the same in his representative capacity * * *."

The trial justice sustained the demurrers to each count on the ground that the words which were added after the signatures of each group of trustees clearly indicated that defendants were signing the contract in their representative capacities as trustees. He therefore held that defendants were not liable as individuals for the alleged breaches and that a demurrer was the proper procedure to raise such issue.

In the posture of this appeal the first question presented for our determination is whether the narrow issue on which

the trial justice based his decision was properly raised by demurrer. In our opinion a demurrer was not the proper procedure. A demurrer lies only when the defect or objection asserted as the ground of demurrer is apparent upon the face of the pleading attacked. 41 Am. Jur., Pleading §208, p. 439. The declaration in this case does not expressly allege that defendants signed the contract in their representative capacities; neither does the contract contain any language expressly stating that they were contracting or signing in their representative capacities.

The questions whether the typewritten words appearing below the signatures of the defendants were merely *descriptio personae*, or whether such words indicated that they were contracting and signing in their representative capacities, were questions of fact requiring the introduction of evidence dehors the pleadings. This could only be done by plea. Moreover, the plaintiff was not required, by allegations in the declaration, to negative the statutory defense available to the defendants. The statute in question provides an affirmative defense which must be invoked by defendants. In our opinion the trial justice erred in ruling that a demurrer was the proper way to raise the issue on which he based his decision.

The plaintiff's exceptions to the decision sustaining the demurrers are sustained, and the case is remitted to the superior court for further proceedings.

*Roberts and Coffey, William F. McMahon,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons,* for defendants Industrial National Bank and Walter F. Farrell.

*Winograd, Winograd & Marcus, Max Winograd,* for defendant James Sinclair.