RHODE ISLAND MOTOR VEHICLE DEALER'S LICENSE COMMISSION *vs.* MURRAY MOTORS, INC. *et al.*

JANUARY 2, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J.   This is an action of debt on bond.   The case is here on the plaintiff's exception to the superior court's decision sustaining the defendants' demurrer to the plaintiff's second amended declaration.

The declaration alleges that defendant Murray Motors, Inc., as principal, and defendant Peerless Insurance Co., as surety, entered into the bond in question in accordance with G. L. 1956, chap. 5 of title 31, and the rules and regulations of the motor vehicle dealers' license commission made pursuant thereto.   They further allege that the condition of the bond is such that "if the said principal * * * shall promptly pay all costs and damages incurred or caused by any violation of * * * any regulation of the Rhode Island Motor Vehicle Dealers License Commission, then this obligation is to be void; otherwise to remain in full force and effect * * *."   The declaration sets out verbatim two regulations of the commission which it alleges were violated in breach of defendants' obligation under the bond.   A copy of the bond is annexed to the declaration.

The defendants' demurrer in substance avers that the declaration does not allege a sale of a motor vehicle to Henry Bercovitz for whose use the action was commenced; that it does not allege a loss to him by reason of the purchase of such a vehicle from Murray Motors, Inc.; that it does not set forth a violation of the bond; and that it does not allege that defendant Murray Motors, Inc. has failed to pay a debt it owes to Bercovitz or that defendant Peerless Insurance Co. was a party to any such debt.

While the above grounds were specifically alleged in the demurrer, it does not appear that the trial justice sustained it on any of them. In her decision she stated that the only fault she found with the declaration was that it did not set forth all the rules and regulations of the commission but only two of them. She suggested that the declaration remain "as it is" and that plaintiff append to it a copy of all such regulations. Apparently the hearing on the demurrer must have resulted in contention on this matter only, as the trial justice concluded her decision with the statement, "I will sustain the demurrer with respect to your representation to the inclusion of the rules as a necessary part of the declaration * * *."

It is a universally recognized principle of pleading that a demurrer raises a question of law as to the sufficiency of a pleading apparent on its face. The instant demurrer does not attack the declaration for defects appearing therein but seeks to show that other allegations of fact are necessary to enable defendants to defend. In other words, they seek to import new matters into the record. To do this "would be, in effect, an attempt to try the case on the merits by indirection and prematurely." 41 Am. Jur., Pleading, §208, p. 439.

If further facts are pleadable which will support the defendants' theory of a good defense to the action, it is incumbent upon them to plead such facts. We pointed this

out at some length in *91065 Corp. v. Industrial National Bank*, 94 R. I. 424, 181 A.2d 239, and we think our discussion there of the office of a demurrer is applicable here. Neither the defendants' grounds alleged in their demurrer nor the special ground upon which the trial justice based her decision sustaining it is consistent with our decision in the above-cited case.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden, John P. Cooney, Jr.*, for plaintiff.

*Harry F. McKanna, Jr.*, for defendant Peerless Insurance Co.